1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VICTOR BLACKNELL,

11          Plaintiff,                    No. CIV S-06-0833 FCD GGH P

12      vs.

13   CALIFORNIA MEDICAL FACILITY,
     et al.,
14
                Defendants.              FINDINGS AND RECOMMENDATIONS
15   _____/

16          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

17   1983.  This case was originally filed in Solano County Superior Court, on February 15, 2006,

18   alleging deprivations of his constitutional rights under the Eighth and Fourteenth Amendments,

19   as well as various state law claims, by defendants.  Defendant R. Martinez removed this action to

20   federal court on April 18, 2006, on the basis that this court has original jurisdiction under 28

21   U.S.C. § 1331 (federal question), pursuant to 28 U.S.C. § 1441(b).  Defendant Martinez averred

22   that she was the only named and served defendant at the time.  On June 19, 2006, the court

23   directed defendants to file a responsive pleading to plaintiff's complaint.  Defendant Martinez

24   filed a motion to dismiss pursuant to non-enumerated 12(b) of the Federal Rules of Civil

25   Procedure for failure to exhaust administrative remedies.  Plaintiff filed an opposition on August

26   \\\\\

25, 2006.[1]  Defendant Martinez filed a reply on September 6, 2006.[2]   Thereafter, on November

13, 2006, defendant California Medical Facility-Vacaville (CMF) filed a notice of removal of

this action to federal court and joined in the removal by defendant Martinez.  On November 14,

2006, defendant CMF filed a notice of joinder in the previously filed motion to dismiss brought

by defendant Martinez.

Complaint

Plaintiff names as defendants the California Medical Facility (CMF),

[Correctional] Officer (C/O) [R.] Martinez and the California Department of Corrections (now

CDCR).  Evidently, as noted above, only defendant Martinez and CMF have been properly

served; thus, this action proceeds against defendants Martinez and CMF.  On or about October

26, 2004, at about 1400 hours (2:00 p.m.), plaintiff exited the shower area of the Dorm 5

bathroom of CMF's Modular Housing Unit.  Taking two steps out, plaintiff placed his left foot

on the wooden floor, which had apparently been weakened by water leakage and which gave

way, trapping plaintiff's left foot in the hole which formed.  Plaintiff fell forward, hitting his

head on a large sink used by inmates to wash their laundry, and lost consciousness for about half

an hour.  Plaintiff lay unconscious without receiving any medical attention from defendants.

Complaint (Cmpl.), p. 7,[3] & Exhibit (Exh.) A, medical records documenting plaintiff's injury.

On regaining consciousness, plaintiff observed defendant Martinez stepping on

one of the boards in order to increase the pressure upon plaintiff's foot and ankle.  Correctional

Officer (C/O) Hart, not a defendant, photographed the incident area and the removal process

plaintiff underwent.  Plaintiff's rescue necessitated the use of a chain saw by a rescue team from

the local fire department.  Plaintiff was transported to medical facilities and later required further

medical treatment for head injuries he had sustained, causing persistent distortions of his vision,

---

[1] Plaintiff was granted an extension of time to file his opposition by Order, filed on
August 15, 2006.

[2] By Order, filed on September 5, 2006, defendant was granted a short extension of time.

[3] The page numbers cited correspond with the pagination in the court's electronic docket.

1    headaches and acute photosensitivity.  Cmpl., pp. 7-8.

2          Plaintiff claims that several work orders had been placed for the purpose of fixing

3    the area of the incident but defendants failed to make repairs.  Repairs were only initiated after

4    plaintiff suffered his injuries.  Plaintiff alleges that defendants, by their actions or inactions,

5    subjected plaintiff to violations of his constitutional rights under the Eighth and Fourteenth

6    Amendments; he claims he suffered cruel and unusual punishment and a deprivation of his right

7    to equal protection.  He makes various additional state law claims against defendants, including,

8    apparently, that they are liable for intentional infliction of emotional distress and negligence.

9    Plaintiff seeks money damages in the form of compensatory and punitive damages.   Cmpl., pp.

10   8-14.

11   <u>Motion to Dismiss</u>

12          Defendants move for dismissal, pursuant to non-enumerated Fed. R. Civ. P. 12(b),

13   contending that plaintiff has failed to exhaust his administrative remedies before proceeding in

14   this action pursuant to 42 U.S.C. § 1983.

15             *Legal Standard under Non-Enumerated Fed. R. Civ. P. 12(b)*

16          In a motion to dismiss for failure to exhaust administrative remedies under non-

17   enumerated Rule 12(b) of the Federal Rules of Civil Procedure, defendants "have the burden of

18   raising and proving exhaustion."  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  The

19   parties may go outside the pleadings, submitting affidavits or declarations under penalty of

20   perjury, but plaintiff must be provided with notice of his opportunity to develop a record.  <u>Wyatt</u>

21   <u>v. Terhune</u>, 315 F.3d at 1120 n.14.  When an action originates in this court, plaintiff is provided,

22   inter alia, specific notice of his opportunity to develop a record in the service order.  In the

23   instance, as here, of a case removed from state court to federal court, no service order is filed.

24   However, defendant Martinez by her motion provided sufficient notice, per <u>Wyatt</u>, <u>supra</u>, in her

25   notice of motion, that the court may look beyond the pleadings to decide disputed issues of fact

26   when ruling on a motion by defendant pursuant to non-enumerated 12(b) of the Federal Rules of

1  Civil Procedure; the court granted plaintiff an extension of time to file his opposition to the

2  motion (see footnote 1); and plaintiff has, in fact, submitted exhibits beyond the pleadings as part

3  of his opposition.  The court, therefore, deems plaintiff to have received notice sufficient to

4  satisfy the requisites of Wyatt v. Terhune, 315 F.3d at 1120 n.14.

5          Should defendants submit declarations and/or other documentation demonstrating

6  an absence of exhaustion, making a prima facie showing, plaintiff must refute that showing.

7  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

8  complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to

9  the court's attention those parts of the complaint upon which plaintiff relies.  If the court

10  determines that plaintiff has failed to exhaust, dismissal without prejudice is the appropriate

11  remedy for non-exhaustion of administrative remedies.  Wyatt v. Terhune, 315 F.3d at 1120.

12                              *PLRA Requirements*

13          The Prison Litigation Reform Act (PARA), 42 U.S.C. § 1997e(a) provides that,

14  "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

15  other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

16  such administrative remedies as are available are exhausted."  Inmates seeking injunctive relief

17  must exhaust administrative remedies.  Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999).  In Booth

18  v. Churner, 532 U.S. 731,121 S. Ct. 1819 (2001), the Supreme Court held that inmates must

19  exhaust administrative remedies, regardless of the relief offered through administrative

20  procedures.  532 U.S. at 741, 121 S. Ct. at 1825.  Therefore, inmates seeking money damages

21  must also completely exhaust their administrative remedies.  Booth v. Churner, 532 U.S. 731,

22  121 S. Ct. 1819 (inmates seeking money damages are required to exhaust administrative

23  remedies even where the grievance process does not permit awards of money damages).  42

24  U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until*

25  such administrative remedies as are available are exhausted.  McKinney v. Carey, 311 F.3d 1198

26  (9th Cir. 2002).

1            *Administrative Exhaustion Procedure*

2             In order for California prisoners to exhaust administrative remedies, they must

3 proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a

4 CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4)

5 third level appeal to the Director of the California Department of Corrections.  Barry v. Ratelle,

6 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final

7 decision from the Director's level of review satisfies the exhaustion requirement.  Id. at 1237-38.

8               *Defendants' Contentions*

9             Defendants state that plaintiff, on April 13, 2005, presented a claim for damages

10 to the CDCR under the California Tort Claim Act, Cal. Govt. Code § 910, citing Exh. D[4] to

11 plaintiff's complaint.  Motion to Dismiss (MTD), p. 2.  Plaintiff was informed that his tort claim

12 was denied on June 16, 2005, by the California Victim Compensation and Government Claims

13 Board.[5]  Id.

14             Defendants have noted that plaintiff is incarcerated at California State Prison

15 (CSP)-Solano, MTD, p. 2, and also that defendant Martinez is employed there.[6]  Defendants aver

16 in their motion that plaintiff filed his complaint in Solano County Superior Court on December

17 21, 2005.  Id.  In their separate notices of removal, however, both defendants Martinez and CMF

18 state that the action was commenced in state court on February 15, 2006.  See defendants' notices

19 of removal, filed on 4/18/06 and 11/13/06, respectively.  While this disparity is ultimately

20 insignificant in this case, which was removed to this court in April of 2006, the court observes

21 that defendants' varying representations are not helpful.

22 \\\\\\

23

---

24    [4] The relevant documents actually appear to be part of plaintiff's Exh. A to his complaint.

25    [5] Defendants incorrectly note the date of the denial as June 13, 2005.

26    [6] The court has confirmed that defendants are correct, although plaintiff's pleadings and his address of record indicated that he was housed at CMF.

1    In support of their motion, defendants contend that plaintiff did not file any

2    inmate appeal related to prison conditions or the alleged deliberate indifference to his serious

3    medical needs.  MTD, p. 4.  Defendants include a declaration from defendants' counsel, Jay

4    Russell, submitting as Exh. A to his affidavit, the declaration of the custodian of records at CSP-

5    Solano, and as Exh. B, the inmate appeals tracking system log for level I and level II appeals

6    from plaintiff's Central File.  The log shows, according to defendants, that the only grievance

7    completed through the second level concerned custody/classification issues.  Id.  More important,

8    defendants maintain, plaintiff did not exhaust his grievance to the third level, citing the

9    declaration of Chief of Inmate Appeals, N. Grannis, to which a screen out query for plaintiff is

10   attached as Exh. A, which indicates that no grievance of plaintiff's was accepted at the third

11   level.  Defendants assert that plaintiff completely failed to file any administrative appeal related

12   to the defendants' alleged actions.  MTD, p. 4.

13            *Plaintiff's Opposition*

14            Plaintiff states that on November 1, 2005, after several unsuccessful efforts, he

15   submitted a 602 inmate grievance concerning the October 26, 2004, incident at issue, seeking a

16   copy of the "837 incident report," and other documents pertinent to the injury that plaintiff

17   complains of in this civil rights action.  Opposition (Opp.), p. 1.  Plaintiff includes as the first

18   page to his Exh. A to Opp., a copy of his request written to the appeal coordinator, dated

19   10/18/05, noting that he had previously sent a 602 appeal on 10/10/05, which was returned as

20   incomplete for lack of supporting documentation.  Plaintiff sent the appeal for the very reason

21   that he had not received a response from the records department for documents he needed

22   regarding the subject 10/26/04 incident.  Opp., pp. 1-2.  Plaintiff includes a copy of his 602

23   grievance, appeal no. CSP-S-05-03070, dated 11/1/05, and stamped received on 11/03/05,

24   wherein plaintiff makes clear that he is seeking a copy of the "837 incident report" concerning

25   the events of 10/26/04 from his file, including as well the fire captain's report and the photos

26   from C/O Hart.  Opp., pp. 2, 9.  Stamps on the appeal indicate that it bypassed the informal and

first level of appeal.   Id.   Nevertheless, at Exh. B, plaintiff includes a copy of a memorandum,

dated 11/16/05, a first level response to appeal no. CSP-S-05-03070, making it very clear that it

was understood that plaintiff sought documentation related to the incident of 10/26/04, but that

such documentation was not in plaintiff's central file:

> You stated that while you were housed at CMF you received
> injuries in a work-related accident.  You stated that you fell
> through a floor, the fire department had to respond to dig you out,
> which took approximately four hours.  You further stated that you
> were taken by ambulance to an outside hospital as a result of the
> injuries you have sustained.  You state you are still dealing with
> injuries suffered in this accident.
>
> ................................................................................
>
> Your appeal is partly granted; you were provided the opportunity
> for an Olsen review.  Documents that you are requesting are not
> located in your inmate central file.

Opp., p. 12.

Although plaintiff takes issue with this recounting of the facts, maintaining, for

example, that the accident was not work-related, it is inescapable that plaintiff is seeking material

plainly related to the events at issue herein.  Although the memorandum is dated 11/16/05,

plaintiff evidently did not receive a response to this grievance until 12/5/05.  Opp., pp. 2, 10.

Plaintiff states that he submitted an appeal to the second level on 1/7/06, but the copy of the

grievance itself indicates it was submitted on 12/7/05.  Opp., pp. 2, 10.  In any event, the subject

of the grievance at this point was that plaintiff could not believe that there was no record or any

data about the unusual and serious events of 10/26/04, in his central file.  Id.  Plaintiff received a

second level appeal response, on 2/17/06, with a memorandum dated 1/26/06, re-capping what

plaintiff sought as set forth above, partially granting the appeal to the extent of having provided

plaintiff with the opportunity to review his file, reminding him that he was advised at the first

level to appeal to CMF staff for his requested documents, and reiterating that the documents he

sought were not in his file. Opp., pp. 2, 14-15.

\\\\\

1    Plaintiff appealed to the third level on 3/1/06, receiving a response dated 5/2/06,

2   informing plaintiff, with or without irony, that his appeal was being returned as incomplete

3   because it did not include the "CDC 837, Incident Report (from CMF)" or the hospital records.

4   Opp., pp., 2, 10, 18.

5    *Reply*

6    Defendants maintain that plaintiff filed this action prior to having completed the

7   requisite administrative exhaustion.

8    *Discussion*

9    The court's review of the level I and II log submitted by defendants confirms that

10   plaintiff completed through the second level of review, appeal no. CSP-S-05-03070, on February

11   17, 2006, concerning, according to the log a custody/classification issue, and that both first and

12   second levels of review were a partial grant.  The screen out log that defendants have filed shows

13   that appeal no. CSP-S-05-03070 was received at the third level on March 6, 2006, and a

14   response/rejection was mailed out on May 2, 2006.

15    Plaintiff complains that the prison, in processing his appeals, gave him the run-

16   around, and there is some evidence of that in the grievance responses.  For the third level

17   rejection to be that plaintiff had not submitted documents which he had fruitlessly sought at both

18   the first and second levels of appeal appears disingenuous.  On the other hand, plaintiff offers no

19   explanation for why he did not seek the supporting documentation for his claim in the manner

20   that he was advised to do in the lower level appeal responses, that is, why he did not file an

21   appeal directed to CMF, rather than persist in seeking documents that perhaps should have been,

22   but which he had twice confirmed were not, in his central file.  The third level appeal response,

23   indeed, hints that the incident report at issue was at CMF.   Plaintiff's reliance on Ngo v.

24   Woodford, 403 F.3d 620 (9th Cir. 2005), wherein the Ninth Circuit found that where an

25   administrative appeal deemed time-barred by the prison appeals coordinator, with no further

26   appeal left within the prison grievance process, rendered an inmate's claims administratively

1  exhausted for PARA purposes, is inapposite, in no small part because that case has been

2  overruled by the United States Supreme Court.  See, Woodford v. Ngo, 548 U.S. ___, 126 S. Ct.

3  2378 (2006) (holding that proper exhaustion of administrative remedies requires that the prisoner

4  complete the administrative review process in accordance with the applicable procedural rules).

5  Nevertheless, on this showing, this court would find that plaintiff had exhausted his

6  administrative remedies, notwithstanding the putative rejection of the third level grievance

7  because the particular circumstances of this case militate for such a finding even though plaintiff

8  did not word his grievance as a straightforward appeal of the incident itself, because the

9  gravamen of his appeal was patently evident, or should have been, to all reviewers.

10         However, the undersigned is foreclosed from finding adequate administrative

11  exhaustion on another ground.  Even taking the latest date that defendants posit as the filing date

12  of the instant complaint, February 15, 2006, in state court (rather than the December 2005 date

13  for which insufficient evidence is provided), plaintiff failed to exhaust his administrative

14  remedies before bringing this action.  In fact, this court has only to look to the date that the action

15  was removed and filed in this court, April 18, 2006, to determine that the action, even if initiated

16  as late as that date would have been premature, because the date of the third level response was

17  May 2, 2006.  As noted, supra, 42 U.S.C. § 1997e(a) provides that no action shall be brought

18  with respect to prison conditions *until* such administrative remedies as are available are

19  exhausted.  McKinney v. Carey, supra, 311 F.3d 1198.  This result is dictated even if plaintiff's

20  action had not been removed from state court.  See Wright v. State, 122 Cal. App. 4th 659, 664,

21  19 Cal. Rptr. 3rd 92 (2004) ("[u]nder both state and federal law, a prisoner must exhaust

22  available administrative remedies before seeking judicial relief").

23         One final issue remains, and that is:  should the case be remanded to state court

24  for further prosecution of plaintiff's state tort claims which are before this court only pursuant to

25  supplemental jurisdiction.  The court finds that a remand is appropriate.

26  \\\\\

1    As set forth earlier, plaintiff must exhaust for any *federal law* claim such

2    administrative remedies as are available.  *Federally* mandated exhaustion is not required for state

3    law tort claims, and it appears that plaintiff has taken steps under state law to comply with state

4    law exhaustion requirements.  It would be inappropriate in this case removed from state court in

5    the first place to simply dismiss the entire action without also remanding the otherwise

6    potentially valid state law claim to state court.

7    Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to

8    dismiss, filed on July 7, 2006, be granted for plaintiff's failure to exhaust administrative

9    remedies, and this action be dismissed, without prejudice and remanded to state court.

10    These findings and recommendations are submitted to the United States District

11    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

12    days after being served with these findings and recommendations, any party may file written

13    objections with the court and serve a copy on all parties.  Such a document should be captioned

14    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15    shall be served and filed within ten days after service of the objections.  The parties are advised

16    that failure to file objections within the specified time may waive the right to appeal the District

17    Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18    DATED: 2/20/07

19                                                              /s/ Gregory G. Hollows

20                                                              _____
                                                              GREGORY G. HOLLOWS
                                                              UNITED STATES MAGISTRATE JUDGE

21    GGH:009
      blac0833.mtd

22

23

24

25

26